# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Case No. 21 C 129 |
| ) | |
| HARVEY TURNER, ) | |
| ) | |
| Movant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In October 2004, grand jury indicted Harvey Turner on three counts: unlawful possession of a firearm by a felon (count one); possession of a controlled substance with intent to deliver (count two); and possession of a firearm in relation to a drug trafficking crime (count three). Turner pled guilty to all three charges, and another judge of this Court sentenced him to a prison term of 292 months. In January 2007, Turner filed a motion under 28 U.S.C. § 2255, which the same judge denied. In January 2019, Turner filed a *pro se* motion under the First Step Act for a reduction in his sentence with respect to count two of his conviction. The case was then reassigned to the undersigned judge. The Court granted Turner's motion and reduced his sentence with respect to the second count by 24 months, which resulted in an aggregate prison term of 268 months.

In January 2021, Turner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence with respect to count one of his conviction. The

government has moved to dismiss the petition for lack of subject matter jurisdiction on the ground that Turner's motion is an unauthorized and successive section 2255 motion. The Court grants the government's motion for the reasons stated below.

## Background

On October 21, 2004, a grand jury indicted Harvey Turner on charges of possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e) (count one); possession of a controlled substance with intent to deliver, in violation of 21 U.S.C. § 841(a)(1) (count two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count three). On April 22, 2005, Turner entered a plea of guilty on all counts.

On August 31, 2005, the previously assigned judge sentenced Turner to a prison term totaling 292 months. On count one, the judge imposed the mandatory minimum term of 180 months' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e), given Turner's prior convictions. On count two, the judge imposed a term of 60 months' imprisonment, with 52 months of the sentence to run consecutively with count one. On count three, the judge sentenced Turner 60 months' imprisonment, to run consecutively with the sentences on counts one and two.

A.   **First section 2255 motion**

In January 2007, Turner sought relief under section 2255. He argued that his attorney was ineffective prior to his guilty plea and that his prior convictions—for aggravated discharge of a firearm and narcotics trafficking—should not have been counted as career-offender predicates under U.S.S.G. § 4B1.1(a). The sentencing judge denied Turner's section 2255 motion in April 2007.

2

In May 2016, Turner applied to the court of appeals for authorization to file a second or successive section 2255 petition, arguing that count three of his conviction, for possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c), ran afoul of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act of 1984 (ACCA) was unconstitutionally vague. On June 14, 2016, the Seventh Circuit denied Turner's application. It determined that his section 924(c) conviction was for possessing a firearm in furtherance of a drug trafficking crime, not a crime of violence under the ACCA's residual clause, and thus his conviction was unaffected by the *Johnson* decision. *See Turner v. United States*, No. 16-2144 (7th Cir. June 14, 2016).

**B.    2019 sentence reduction**

On January 22, 2019, Turner filed a *pro se* motion for a reduced sentence based on section 404 of the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (2018). The First Step Act of 2018 makes the Fair Sentencing Act of 2010's provisions retroactive, such that an incarcerated person can submit a motion to have his sentence reduced based on the Fair Sentencing Act's penalty-reducing terms.

The Court granted Turner's motion under the First Step Act. On January 10, 2020, the Court modified Turner's total sentence to 268 months' imprisonment and issued an amended judgment and commitment order to that effect. The terms of imprisonment with respect to count one and count three remained the same as before. On count two, however, the Court modified Turner's sentence to a 60-month term of imprisonment, with 28 of those months to run consecutively to the sentences on other counts, and 32 to run concurrently to the other counts.

C.     **Current section 2255 motion**

On January 8, 2021, Turner filed a section 2255 motion in this Court. He challenges the validity of his 180-month sentence on count one. Turner contends, citing the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), that he was wrongly sentenced as an armed career criminal under 18 U.S.C. § 924(e) based on his prior narcotics conviction. In *Ruth*, the Seventh Circuit ruled that, under Illinois law, a conviction for possession with intent to deliver cocaine is not a felony drug offense within the meaning of the ACCA. *Id.* at 650. Turner argues, based on *Ruth*, that his cocaine convictions under Illinois law cannot be used to enhance his sentence on count one.

On February 16, 2021, the government moved to dismiss Turner's section 2255 motion because it is a second or successive motion for which he has not obtained authorization from the Seventh Circuit. Accordingly, the government argues, this Court lacks subject matter jurisdiction to consider Turner's motion.

## Discussion

Under 28 U.S.C. § 2255, a court may vacate, set aside, or correct a sentence imposed in violation of the laws of the United States.

A.     **Subject matter jurisdiction**

A district court lacks subject matter jurisdiction to adjudicate an unauthorized second or successive motion under section 2255. *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)); 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). "Section 2255

gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal." *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013).

The government argues that Turner's current motion is a "second or successive motion" within the meaning of 28 U.S.C. § 2255(h) because he filed an initial section 2255 motion in 2007, which was unsuccessful, and he has not received authorization from the Seventh Circuit to proceed on his current section 2255 motion. Turner argues in response that under the rule of *Magwood v. Patterson*, 561 U.S. 320 (2010), this is not a second or successive section 2255 motion because his sentence was amended in January 2020, pursuant to his motion under the First Step Act. In *Magwood*, the Supreme Court held that if "there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Id.* at 341-42 (internal quotations and citations omitted). Accordingly, Turner contends, this Court may consider the merits of the current motion.

**B.**     *Magwood*

The Seventh Circuit has addressed the *Magwood* rule in two key cases. First, it ruled in *White v. United States*, 745 F.3d 834 (7th Cir. 2014), that the district court's reduction of a sentence under 18 U.S.C. § 3582(c)—because of a retroactive change in the sentencing guidelines—is not a new judgment. And second, in *Turner v. Brown*, 845 F.3d 294 (7th Cir. 2017), the Court rejected a habeas corpus petitioner's contention that his resentencing on one count of a multi-count conviction "reset the clock for calculating AEDPA's statute of limitations" like "the intervening sentence in *Magwood* reset the habeas counter for purposes of counting the number of petitions." *Id.* at 297.

5

The parties disagree about the applicability of *White v. United States* and *Turner v. Brown* in Turner's case. The Court begins with an overview of both decisions.

### 1. *White v. United States*

A prisoner, Juan White, filed an initial section 2255 motion challenging his 2006 cocaine conviction. The motion was denied. Thereafter, the Sentencing Commission adopted Amendment 750, "which retroactively cut the offense levels for crack-cocaine offenses." *Id.* at 835. Based on this change, White asked for a reduction of his sentence under 18 U.S.C. § 3852(c). In 2012, a judge reduced White's sentence from 360 months' imprisonment to 292 months. *Id.*

Nine months after his sentence was reduced, White filed a second section 2255 motion, contending that his "sentence is illegally high because the Guidelines range calculated in 2006 is wrong." *Id.* In his second motion, White argued, based on *Magwood*, that "his sentence reduction in 2012 . . . reset to zero his count of collateral attacks." *Id.* at 836. The Seventh Circuit summarized the *Magwood* rule as follows:

> *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), holds that the issuance of a writ of habeas corpus setting aside a sentence as invalid, followed by the imposition of a new sentence, resets the clock and the count, so that an attack may be waged against the new sentence even if the same legal grounds could have been urged against the original sentence.

*Id.* at 836.[1] The Court rejected White's invocation of the *Magwood* rule, concluding that

---

[1] The Seventh Circuit also addressed *Magwood*'s holding in *Suggs v. United States*, 705 F.3d 279 (7th Cir. 2013), but *Suggs* concerned a question that is distinct from the one Turner raises in his current habeas petition. *See White*, 745 F.3d at 836 ("Whether *Magwood* has any other effect was the subject of disagreement among members of this court in *Suggs*. . . . [but] [t]he issue in Suggs does not affect White's case.") (internal parentheticals omitted). In *Suggs*, the Court encountered a "situation" to which "[t]he *Magwood* Court expressly declined to extending its holding." *Suggs*, 705 F.3d at 280-81. The Seventh Circuit held in *Suggs* that a "second motion [that] challenges the

6

"*Magwood* does not reset the clock or the count, for purses of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines." *Id.* at 837. The Court's rationale was as follows:

> To say that White's sentence has changed is not, however, to say that he is in the same position as Magwood, who demonstrated in his initial collateral attack that his original sentence violated the Constitution. White's invocation of Amendment 750 did not rest on a contention that his 2006 sentence was unlawful (constitutionally or in any other way), and the district judge did not find it so. Instead White contended, and the judge concluded, that the Guidelines had changed after 2006, and that § 3582(c) authorizes a reduction because the Sentencing Commission made that change retroactive.
>
> This might be thought a semantic quibble, if the result of Amendment 750 were that older judgments are vacated and all prisoners resentenced. Then, as in *Magwood*, the judge might have committed a second time the error that the prisoner sought to contest. But White, unlike Magwood, was not sentenced anew. The procedure established by § 3582(c) is not "resentencing". It is a sentence-reduction proceeding.
>
> There are substantial differences between resentencing and sentence reduction under § 3582(c). One is that the district judge need not (and usually does not) receive evidence or reopen any issue decided in the original sentencing. Nor does the judge hold a hearing at which the defendant is present and a new sentence is pronounced. Instead the judge takes as established the findings and calculations that led to the sentence and changes only the revised Guideline, leaving everything else the same. . . . The penalty goes down, but the original judgment is not declared invalid.
>
> White was not resentenced in 2012. The judge was *forbidden* to reexamine the effect that acceptance of responsibility and supervision of others have on White's Guidelines range. The judge accordingly did not commit—could not have committed, if he tried—any repetition of an error supposedly rooted in 2006. No error subject to collateral review occurred in 2012.

*Id.* at 836-37 (internal citations omitted). Turner argues that the *White* case does not

---

original conviction, not the new sentence" is a second or successive motion and thus affirmed the district court's dismissal for lack of jurisdiction. *Id.* at 281.

govern his current section 2255 motion because the amended judgment in his case was based on the First Step Act, not a retroactive change in the sentencing guidelines like the amended judgment in *White*.

Turner also suggests that the court of appeals took "a questionable approach to *Magwood*." Mov.'s Resp. Br. at 3 (dkt. no. 12). The government characterizes Turner's position on *White* as "a distinction without a difference." Gov.'s Reply Br. at 2 (dkt. no. 13). It argues that Turner's resentencing, was, as in *White*, "similarly limited to a single issue . . . in a proceeding that left undisturbed his sentence regarding his § 922(g) conviction [in count one]." *Id.* at 3.

### 2. *Turner v. Brown*

The Seventh Circuit examined *Magwood* again in *Turner v. Brown*, 845 F.3d 294 (7th Cir. 2017), and further refined controlling precedent. Daniel Turner was convicted and sentenced to life imprisonment for murder, criminal confinement, and attempted robbery in 1995. *Id.* at 295. In 2000, Turner filed a *pro se* petition for post-conviction relief in Indiana state court. On July 1, 2013, the state trial court resentenced him and reduced his term of imprisonment on the robbery count. *Id.* The Seventh Circuit noted that "[t]he 2013 order did not reference or alter Turner's other convictions or sentences for murder and criminal confinement." *Id.*

Then, on January 31, 2013, Turner filed a habeas corpus petition in the Southern District of Indiana challenging his sentence for murder based on ineffective assistance of counsel, which the court denied. *Id.* at 295-26. Turner then appealed to the Seventh Circuit, and at oral argument, he invoked *Magwood*:

> Just as the intervening sentence in *Magwood* reset the habeas counter for purposes of counting the number of petitions, Turner contends that his

8

> 2013 resentencing reset the clock for calculating AEDPA's statute of
> limitations. The problem with Turner's position, however, is that the relief
> he was granted in 2013 was limited to his robbery conviction, whereas his
> habeas petition challenges his conviction and life sentence for murder.
> Thus, the judgment that is relevant for purposes of his present petition is
> the one from 1995, and the clock has long since run out on this habeas
> petition.

*Id.* at 297. In so holding, the Seventh Circuit indicated that a habeas corpus petitioner's reliance on *Magwood* is unsuccessful where there has been a change to one count in a multi-count conviction and the petitioner is seeking relief with respect to another count.[2]

### 3. Turner's current motion

The Seventh Circuit has not yet addressed whether its position on *Magwood* in *White v. United States* is limited to modifications of existing terms of imprisonment under 18 U.S.C. § 3582, or whether it also extends to First Step Act proceedings. Further, it is not entirely clear, based on *Turner v. Brown*, whether the Seventh Circuit would treat Turner's sentence reduction under the First Step Act as a partial new judgment, such that he may file (without leave from the court of appeals) a section 2255 motion challenging his sentence on count two of his conviction, but not count one. As previously indicated, Turner's current section 2255 motion entirely concerns count one.

A district court's review of a First Step Act motion is "a two-step process." *United States v. Fowowe*, --- F.4th ---, 2021 WL 2450405, at *3 (7th Cir. June 16, 2021). "First, a judge considering a motion for a reduced sentence under the First Step Act is faced with the question of whether the defendant is eligible for a sentence reduction. Second,

---

[2] The Seventh Circuit's reading of *Magwood*, particularly with respect to its decision in *Turner v. Brown*, 845 F.3d 294 (7th Cir. 2017), puts it in a minority position among the circuits. *See* Burch, *"New Judgment" and the Federal Habeas Statutes*, 8 Calif. L. Rev. Online 88, 93-94 (2017) (observing that the Seventh Circuit "limits [petitioners] to challenging the part [of their judgment] that was changed").

if the defendant is eligible, then the court faces the question of whether it should reduce the sentence." *Id.* (quotation marks omitted and alterations accepted).

Turner contends that sentence-reduction proceedings under the First Step Act are distinguishable "since they differ greatly from proceedings involving retroactive guidelines." Mov.'s Resp. Br. at 4. In the Seventh Circuit's view, however, section 3582(c)(2) and section 404 of the First Step Act are similar in many respects. For example, the court has observed that each "permit[s] a district court to reduce sentences because of retroactive legal changes." *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). Also, the court has noted that there is no constitutional right to counsel when seeking to reduce a sentence under either statute. *United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021).

Turner next argues that the Seventh Circuit characterizes a First Step Act proceeding as "a resentencing and not a mere sentence reduction." Mov.'s Resp. Br. at 5. Turner makes an important point. The Seventh Circuit has ruled that "the First Step Act does not include the limitations particular to § 3582(c)(2)," and it has cautioned against "improperly liken[ing] a motion brought under the First Step Act to one brought under 18 U.S.C. § 3582(c)(2)." *United States v. Shaw*, 957 F.3d 734, 742-43 (7th Cir. 2020); *see also United States v. Sutton*, 962 F.3d 979, 983 (7th Cir. 2020). Section 3582(c)(2) limits sentence reductions to situations where there are "extraordinary and compelling reasons"; where a reduction is specifically permitted by statute or rule; or where the defendant's Sentencing Guidelines range was subsequently reduced and made retroactive by the Sentencing Commission.

The court thus acknowledged in *Shaw* and in *United States v. Hudson*, 967 F.3d

10

605 (7th Cir. 2020), that there may be a meaningful difference between a "resentencing" proceeding under the First Step Act and a "sentence reduction" proceeding under section 3582(c)(2). But in both decisions, it did not go further than saying that the limitations under section 3582(c)(2) do not apply in First Step Act cases. *Hudson*, 967 F.3d at 613 n.7; *Shaw*, 957 F.3d at 743. In any event, the court in *Hudson* explained that "a judge considering a motion for a reduced sentence under the First Step Act is faced with the [same] question": "whether the defendant is eligible for a sentence reduction." *Id.* at 609.

The *White* case, which concerned a sentence reduction based on section 3582(c)(2), does not definitively settle the question of whether Turner's sentence reduction under the First Step Act is a new judgment that reset the count, such that the Court may consider his section 2255 petition without advance authorization by the court of appeals. *White*'s underlying rationale, however, indicates that Turner's First Step Act sentence reduction does not, in fact, reset his count of section 2255 motions to zero. First, Turner's motion, like the motion in *White*, does not "rest on a contention" that his prior sentence was unconstitutional or otherwise unlawful when imposed. *White*, 745 F.3d at 836. And "the district judge did not find it so." *Id.* Second, Turner was not "sentenced anew." *Id.* Rather, his existing sentence was reduced with respect to a single count. *Id.* The Court did not hold a plenary sentencing hearing, and the First Step Act did not call upon the Court to do so.[3] *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). As in the "procedure established by § 3582(c)," a judge proceeding

---

[3] The Seventh Circuit has not answered the question of "[w]hether a sentence modification under the First Step Act *requires* a plenary resentencing hearing." *United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (emphasis added).

11

under the First Step Act does not "hold a hearing at which the defendant is present and a new sentence is pronounced." *White*, 745 F.3d at 836. Nor does the judge, in a First Step Act proceeding, "receive evidence or reopen any issue decided in the original sentencing." *Id*. The Seventh Circuit has also held that a prisoner does not have a statutory right to counsel on a motion based on the First Step Act. *Blake*, 986 F.3d at 758.

Even if the Court is wrong in its reading of Seventh Circuit precedent such that Turner's sentence reduction *did* "reset the count" of section 2255 motions in some way, it is highly unlikely that this would do him any good with respect to the present motion. In *Turner v. Brown*, the Seventh Circuit discussed *Magwood* in the context the timeliness of habeas petitions—the equivalent, for present purposes, of a section 2255 motion. *Turner*, 845 F.3d at 296-97. The court indicated that *Magwood* cannot be invoked to reset the limitations clock with respect to particular counts of conviction that are not the subject of an intervening resentencing; rather, the *Magwood* rule is limited to the "portion of a judgment" that was covered in the resentencing proceeding. *Id.* at 298. The Seventh Circuit's *Turner* ruling indicates that it parses sentence-reduction judgments in multiple-charge cases and treats them as new judgments only in part.

Thus to the extent Turner, the movant here, is able to invoke *Magwood* despite the discussion above, it would appear that he could do only if he were challenging the sentence associated with count two of his conviction, as that was the only part of his sentence that was modified via his motion under the First Step Act. Here, however, Turner is challenging his sentence with respect to count one, which the First Step Act proceeding did not change. *See id.* at 296-97; *see also United States v. Redd*, No.

1:03-CR-53, 2014 WL 1370332, at *3 (N.D. Ind. Apr. 8, 2014) ("The sentence reduction, however, did not invalidate the original judgment. Rather, the Court simply reduced his total offense level and, in its discretion, imposed a lower sentence for the affected counts.")

Accordingly, Turner's argument that his section 2255 motion is not a second or successive motion because his sentence was amended under the First Step Act lacks merit. *See United States v. Morris*, No. 99 10086 03, 2021 WL 2036544, at *2-3 (D. Kan. May 21, 2021) ("the modification to Defendant's sentence [under the First Step Act] was not a new, intervening judgment, and his current § 2255 motion is a successive § 2255 motion over which this court has no jurisdiction").

The Court therefore grants the government's motion to dismiss Turner's motion. Turner's section 2255 motion is dismissed without prejudice for want of subject matter jurisdiction because it is a "second or successive petition" and Turner has not obtained "an order authorizing the district court to consider the application" from the Seventh Circuit. 28 U.S.C. § 2255(h).

## Conclusion

For the foregoing reasons, the Court grants the government's motion to dismiss [8]; dismisses Turner's motion under 28 U.S.C. § 2255 [2]; terminates all other pending motions [5]; and directs the Clerk to enter judgment dismissing Turner's motion without prejudice for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 8, 2021